IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Laurie V. Caldwell, | ) | C.A. No. 3:09-cv-218-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Law Enforcement Division, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant South Carolina Law Enforcement Division's motion for summary judgment. (Docket Entry no. 25). In accordance with Local Rule 73.02(B)(2)(g), the case was referred to a magistrate judge for pretrial proceedings. The magistrate judge entered a report and recommendation on the motion for summary judgment on October 25, 2010, recommending that the motion be granted. (Docket Entry no. 39). The plaintiff filed objections to the report and recommendation on December 13, 2010 (Docket Entry no. 43), and the defendant filed a response to the plaintiff's objections on December 30, 2010. (Docket Entry no. 47). The Court held a hearing on the plaintiff's objections on March 24, 2011, at the conclusion of which the Court overruled the plaintiff's objections, approved the Report and Recommendation, and directed that summary judgment be entered in the defendant's favor

This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* At all times relevant to this action, Laurie V. Caldwell (plaintiff) was an employee of the South Carolina Law Enforcement Division (defendant). In her amended complaint, the plaintiff alleged that the defendant denied her promotion to lieutenant in 2006 and again in 2007, subjected her to disparate wages and discipline, and subjected her to a "glass

ceiling," all because of her gender.  She also alleged that the defendant retaliated against her in various respects because she opposed gender discrimination.

In its memorandum in support of summary judgment, the defendant argued that the plaintiff could not litigate any claim of gender discrimination other than her claim that she was not promoted to lieutenant in September 2007 because that is the only claim that she administratively exhausted and timely filed with the Equal Employment Opportunity Commission ("EEOC").  The plaintiff did not contest the defendant's argument in this regard, and therefore the magistrate judge concluded that the plaintiff's claim for gender discrimination was procedurally barred except with respect to the 2007 promotional opportunity.

The defendant also argued that the plaintiff's claim of retaliation failed as a matter of law on the undisputed facts because, among other reasons, she failed to identify any "materially adverse action" within the meaning of *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) that she experienced after she first complained of gender discrimination.  Again, the plaintiff did not contest the defendant's argument in this regard, and the magistrate judge therefore concluded that the retaliation claim should be dismissed.

The plaintiff's objections address only the magistrate judge's recommended disposition of her claim of gender discrimination as it relates to her failure to be promoted in September 2007.  Hence, in light of the plaintiff's failure to oppose dismissal either of the other aspects of her gender discrimination claim or her retaliation claim and in the absence of any objections to the magistrate judge's recommended dismissal of those claims, those recommendations are accepted and adopted. *See Wallace v. Housing Authority of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992).

With respect to the single claim that the plaintiff contested on summary judgment -- her failure to be selected in 2007 for promotion to lieutenant in the Special Victims Unit headed by Captain Patsy Lightle – the plaintiff raises five objections to the magistrate judge's report and recommendation. While the Court has considered each of these objections, none has sufficient merit to defeat the defendant's motion for summary judgment.

The plaintiff's first objection faults the magistrate judge for rejecting what the plaintiff characterizes as "historical evidence of gender bias and discrimination throughout Chief Stewart's tenure as Chief of SLED. [Docket Entry no. 43, p. 2].[1] She maintains that historical evidence of gender discrimination is relevant in a Title VII proceeding even if the matters comprising that historical evidence were not litigated or made the subject of a timely charge. The Court agrees. A review of the magistrate judge's recommended disposition, however, does not support the plaintiff's assertion that he "dismissed" or otherwise rejected historical evidence of gender discrimination by the defendant.

As earlier mentioned, the magistrate judge agreed with the defendant that under cases such as *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) and *Chacko v. Patuxent Inst.*, 429 F.3d 505 (4th Cir. 2005), the only gender discrimination claim that the plaintiff could pursue in this action was the claim that she was denied promotion to lieutenant in September 2007. He determined that any claim concerning the plaintiff's failure to be selected for promotion in 2006 was time-barred under *Morgan* and that any claim concerning

---

[1]Ironically, at the hearing on Plaintiff's objections to the Report and Recommendation, Plaintiff's counsel made clear that Plaintiff did not believe that Chief Stewart had discriminated against her because of her gender; rather, her claim is that Captain Lightle, a female, discriminated against her because of her gender.

3

discriminatory wages, discipline and/or a purported "glass ceiling" were procedurally barred under *Chacko* because those matters were not mentioned in the only administrative charge of discrimination that the plaintiff ever filed with the EEOC. The plaintiff did not contest the defendant's argument about these matters in the memorandum that she filed in opposition to the defendant's motion for summary judgment. She argued *only* that she had a viable claim of gender discrimination with respect to her failure to be promoted to lieutenant in September 2007. (Docket Entry no. 36).

Assuming that the plaintiff has not forfeited her right to challenge the purported rejection of "historical evidence of gender and bias discrimination", the Court finds no error by the magistrate judge. The magistrate did not find that the plaintiff could not support her claim of gender discrimination with historical evidence. He determined that the plaintiff could not *litigate* time-barred and procedurally barred claims of gender discrimination and that the plaintiff had not proffered sufficient evidence to withstand summary judgment with respect to the September 2007 promotion. While historical evidence of a pattern of gender discrimination can be offered as background evidence to support a disparate treatment claim, a Title VII claimant cannot avoid her summary judgment obligation to establish a prima facie case and/or establish a dispute of fact as to whether a facially neutral explanation is pretextual by historical evidence alone. That is, historical evidence of discrimination is not a substitute for a prima facie case or evidence of pretext.

In any event, the particular "historical evidence of gender bias and discrimination" that Plaintiff argues was erroneously dispatched by the magistrate judge does not, in fact, constitute evidence of discrimination in promotions at SLED. The plaintiff asks the Court to infer

4

otherwise from discovery responses showing that, for the five years preceding this action, "only seven" of the twenty-six persons promoted to lieutenant, were female; that as of April 5, 2010, "only nine females . . . h[e]ld the position of lieutenant or above"; and that "[o]nly five females currently hold the position of captain or major within SLED." (Docket Entry no. 43, pp. 2-3) But as the defendant points out, the Fourth Circuit adheres to the view that evidence of the "low percentage of women in high-level positions [is] meaningless without evidence of [the] pool of qualified women applicants."  *Carter v. Ball*, 33 F.3d 450, 456-57 (4th Cir. 1995) (internal quotations omitted).  So, the mere fact that seven of twenty-six persons promoted to lieutenant over the past five years were female, that as of April 2010 there were a total of nine female lieutenants at SLED, and that five females currently hold the rank of captain or major is not, as the plaintiff argues, "historical evidence of gender bias and discrimination" because the plaintiff has not offered any evidence as to the pool of qualified female applicants for these positions.

Thus, while the Court agrees with the plaintiff that historical evidence of gender discrimination is relevant in a Title VII action regardless of whether any of the individual employment actions comprising the evidence has ever been the subject of an EEOC charge, the magistrate judge did not find otherwise.  Further, the information that the plaintiff cites as "historical evidence of gender bias and discrimination" is not properly characterized as such without evidence of the number of qualified female applicants for the lieutenant and higher-level positions at SLED, which evidence has not been offered by the plaintiff.  Accordingly, the plaintiff's first objection is overruled.

The plaintiff's second objection is to the magistrate judge's conclusion that she has not

made out a prima facie case of gender discrimination with respect to the September 2007 promotion to lieutenant because she was not ranked in the top 50% of applicants by the interview panel and therefore, under the defendant's promotion policy, was not eligible for selection by Chief Stewart. There is support for the magistrate judge's view that where, as here, promotion must be from a "list of eligibles," the failure of a Title VII plaintiff to establish that she was on the list of eligibles forecloses her prima facie case notwithstanding the fact that she met the minimum qualifications to *apply* for the position. *See, e.g., Bailey v. Ann Arundel County, Md.*, 259 F.Supp. 2d 421, 426-28 (D.Md. 2003). But even if the magistrate judge should have credited The plaintiff with having established a prima facie case, the fact that the plaintiff was not ranked in the top 50% of applicants in 2007 and thus was not eligible to be selected constitutes a legitimate, nondiscriminatory reason for her nonselection. And, as discussed *infra*, the plaintiff has not shown that this reason was a pretext for gender discrimination. Therefore, the plaintiff's second objection, even if meritorious, would not affect the defendant's entitlement to summary judgment.

In her last several objections, the plaintiff argues that the magistrate judge erred in concluding that she had not demonstrated a triable issue of fact exists on the issue of pretext. She asserts that the magistrate judge failed to give due consideration to evidence that the defendant's Human Resources office does not always select promotion panel members, as she contends the defendant's promotion policy requires. She also faults the magistrate judge for "disregarding" evidence that the chair of a promotion panel can influence the scores of other panel members. Finally, she takes issue with the magistrate judge's conclusion that the fact that the 2007 promotion panel rated her lower on "work history/experience" than a 2006 panel had is

6

not evidence of gender bias by the 2007 panel.

As clarified at the hearing on the plaintiff's objections, the defendant's promotion policy does not *require* that the Human Resources office actually appoint promotion panels. What the policy provides is that "the promotion panel chairperson and a minimum of four panel members will be selected from a . . . list of agents who meet the criteria established by the defendant's Human Resources for this position[ ]" and that promotion panel chairs and members "must have received special training . . . as provided by State Human Resources." (Docket entry no. 27-1, p. 15) In any event, in both 2006 and 2007, the record reflects that the defendant's Human Resources office did designate the chair (Captain Lightle) and members of the lieutenant promotion panels before whom the plaintiff appeared. (Docket entry no. 27-1, p. 17 and Docket entry no. 28-1, p. 10) Thus, whether some promotion panels the defendant have been appointed without the Human Resources office's approval is immaterial because that did not occur with respect to the promotion panel at issue in this case.

As to the plaintiff's assertion that a promotion panel chair can unfairly influence ratings of applicants by assigning a higher or lower than deserved numerical score (1 through 5) and because of a rule requiring other panel members to rate the applicant no more than one level higher or lower than the chair, the evidence does not support the plaintiff's assertion that there is any such rule requiring panel members to assign a score within one level (higher or lower) of the chair's. But even if the record did show that panel members are bound to score an applicant only one level higher or lower than the chair has score that applicant, there is no evidence that Captain Lightle exercised that power at all, much less, as the plaintiff would have to show, that

7

she did so because of the plaintiff's gender.[2] The Plaintiff relies on an affidavit of former Lt. David Lawrence, who previously served on a hiring (not promotion) panel with Captain Lightle. Lawrence asserts that following an interview of a female applicant, Captain Lightle made it very clear that she did not believe the interviewee would be a good addition to the Special Victims Unit that Lightle heads, a view Lawrence notes was shared by another female member of the panel. When Lawrence responded that he was about to score the candidate at the highest level, Captain Lightle responded: "Well, you can go ahead if you want to, but she'll be telling you what to do." If anything, Lawrence's account of this incident undermines the plaintiff's assertion that panel members are required to score applicants for promotion no more than one level higher or lower than the chair's rating.

The plaintiff also relies on testimony by Captain Cricket Grant to support her contention about the existence of the purported rule prohibiting promotion panel members from diverging more than one level up or down from the chair's score. But Grant's testimony relates an incident that predates the 2004 promotion directive promulgated by Chief Stewart pursuant to which the 2007 interviews for lieutenant were conducted. Further, it is undisputed that Grant was not involved as a panel member or otherwise with the 2007 lieutenant promotions in the Special Victims Unit that are at issue in this action. Consequently, his testimony is of limited, if any, value.

The Court notes that even if it the evidence did show that panel members were required to score Plaintiff only one level higher or lower than Captain Lightle scored her, there is still no

---

[2] As the magistrate judge observed, the plaintiff did not depose any of the 2007 promotion panel members except Captain Lightle, and Captain Lightle adamantly denied that Plaintiff's gender factored into her scoring of Plaintiff relative to the other applicants.

8

evidence that Captain Lightle scored the plaintiff lower than the plaintiff objectively deserved *because of* the plaintiff's gender. In this Title VII case, what is required is proof that *gender* -- not pettiness, personal dislike or mean-spiritedness -- motivated the undeservedly low rating that the plaintiff claims Lightle gave her. Not only is there no such evidence in the record, but what evidence is in the record undermines the plaintiff's contention that the plaintiff's gender motivated Captain Lightle's assessment of her in 2007.

As the defendant has asserted, Captain Lightle chaired the 2006 Special Victims Unit lieutenant promotion panel, and that panel's scoring placed her in the top 50% of all applicants, meaning that she was eligible to be selected by Chief Stewart. The plaintiff has offered no explanation for why Captain Lightle would rate the plaintiff lower than she deserved *because of* the plaintiff's gender in 2007 to exclude her from eligibility for promotion when she did not do so a year earlier. In other words, the fact that Captain Lightle chaired both the 2006 and 2007 lieutenant promotion panels for the Special Victims Unit and that the plaintiff's score placed her in the top 50% in 2006 but not in 2007 undermines the plaintiff's claim that Lightle unfairly skewed her scoring in 2007 because of the plaintiff's gender.

Furthermore, the plaintiff and Captain Lightle both testified about an incident that occurred in 1996 in which the plaintiff anonymously sent Lightle what she considered to be threatening and condemnatory Bible verses over a closed paging system at SLED. When the Bible verses kept being sent, Lightle (then Habben) complained to Chief Stewart, who ordered an internal investigation. After the internal investigation got underway, the plaintiff stepped forward and identified herself as the sender. The plaintiff was disciplined by Chief Stewart and concedes that her actions were immature. She apologized but believes that Lightle still holds this

incident against her.  The record reflects that there is some truth to this.  Captain Lightle testified that while she forgave the plaintiff for the incident, she has not forgotten it and, as a result of the incident, does not fully trust the plaintiff.  Lightle also testified that she believes the incident demonstrated poor judgment which would be incompatible with the plaintiff's holding a supervisory-level position in the Special Victims Unit that Lightle heads.

Thus, while there is clearly some evidence of personal animosity and mistrust between the plaintiff and Captain Lightle, there is no evidence that the animosity and mistrust is based on gender.  Promotion decisions based on factors other than race, sex, color, national origin and religion--even if unfair--are beyond Title VII's reach.  *See Holder v. City of Raleigh*, 867 F.2d 823, 827-28 (4th Cir. 1989); *Lightner v. City of Wilmington*, 545 F.3d 260, 262-64 (4th Cir. 2008).

Since the plaintiff has not identified evidence in the record that would support a rational finding that she was not promoted to lieutenant in the Special Victims Unit in 2007 because of her gender, the magistrate judge properly determined that the defendant is entitled to summary judgment.  Accordingly, the plaintiff's objections to the magistrate's report and recommendation are overruled, the report and recommendation is approved.  Upon consideration, the defendant's motion for summary judgment is hereby Granted.

IT IS SO ORDERED.

                                                                                    s/Matthew J. Perry, Jr.
                                                                                    Senior United States District Judge

March 31, 2011
Columbia, South Carolina